**STATE v BLACKMER
STATE v BERTIE
STATE v BARLOW
STATE v HOOVER
STATE v JURY
STATE v MENEGAY
STATE v SWALLEN**

Ohio Appeals, 5th Dist, Stark Co

Decided February 1, 1929

Mr. James E. Kinnison, Mr. Henry W. Harter, and Mrs. James H. Emsley, Canton, for plaintiff in error.

Messrs. Amerman & Mills, Canton, for defendants in error.

WILLIAMS, RICHARDS and LLOYD
(6th Dist) sitting.

RICHARDS, J.

In the first of these cases, that of State of Ohio v. Blackner, No. 931, the evidence discloses that the defendant had not received a certificate to practice medicine and surgery or any of its branches in the state of Ohio, but the evidence fails to show that he was violating the statute. The only evidence on that subject is that Frank A. Dorsey, who was inspector of the state medical board, went to 322 Fulton road, N. W., in the city of Canton, on February 27, 1928, and saw a sign over the street, extending from the building, which read "C H. Blackner, Chiropractor," and on the side of the house was another sign which read "C. H. Blackner, D. C., Doctor of Chiropractic," each spelled as above. The only evidence that was offered, which it is claimed connected this defendant in any way with these signs or their erection, ownership or control, is the statement that the witness "presumed" this was at Blackmer's home. Blackmer was not present and the record is entirely silent on the question whether this was in fact his residence, and utterly fails to show who erected or caused the signs to be erected. It does not appear that there was any office located at the place where the signs were erected. In view of this situation, as disclosed by the bill of exceptions, we think that the municipal court was not justified in finding the defendant Blackmer guilty, that such finding is clearly and manifestly against the weight of the evidence, and that the common pleas court committed no error in reversing the judgment and sentence against him.

In the remaining six cases, the evidence clearly shows that no one of the defendants was licensed to practice any branch of medicine or surgery, and the evidence in the bills of exceptions justified the municipal court in finding beyond a reasonable doubt that they were knowingly violating the statute in one of the respects already stated. As to those six defendants, the judgments of conviction in municipal court are sustained by the evidence, and the court of common pleas committed prejudicial error in reversing the judgments against them.

It follows therefore that the judgment of reversal in the court of common pleas in the case of State of Ohio v. Blackmer,

should be affirmed, and in each of the other six cases the judgment of reversal rendered in the court of common pleas will be reversed and the judgment of the municipal court affirmed.

Judgments accordingly.

WILLIAMS and LLOYD, JJ, concur.