## MILES v STATE

Ohio Appeals, 2nd Dist, Franklin Co

No 2316.   Decided Sept 29, 1933

Isadore L. Margulis, for plaintiff in error.
Wayne Fogle, Police Prosecutor, Columbus, for defendant in error.

228

**OPINION**

By BARNES, J.

The petition in error and briefs of counsel for plaintiff in error challenges the sufficiency of the charge as contained in the affidavit, and also the sufficiency of the evidence to sustain a conviction under the law. Claimed error is also presented on the admission of record evidence in the nature of a certificate from the Secretary of the State Medical Board, setting out that an examination of the records discloses that no certificate to practice medicine or surgery or any of its branches had been issued to the defendant Miles.

Objection to this evidence was based solely on the claim that no competent and sufficient evidence had been presented to show any violation by the defendant of the Medical Practice Act, and hence there was not a predicate for introducing the certificate in evidence.

The last paragraph in §12694 GC specifically provides in substance that a certificate signed by the Secretary of the State Medical Board, to which is affixed the official seal of the said State Medical Board to the effect that it appears from the records that no certificate to practice medicine or surgery or any of its branches has been issued to the individual in question, shall be received as prima facie evidence of the record of such Board in any court or before any officer of the state. By virtue of this provision of the Code we do not think there could be any prejudicial error in the admission of this piece of evidence.

Of course if the other evidence in the case fails to disclose that the defendant was doing the things complained of the certificate would have no application.

The complaint against the defendant as set out in the affidavit under date of October 27, 1931, omitting the formal parts, reads as follows:

"did unlawfully advertise and announce himself to be a practitioner of medicine and surgery in one of its branches, to-wit, chiropody, before he had obtained a certificate from the State Medical Board of the State of Ohio, in the manner required by law, to-wit: that he, the said Ben L. Miles, did then and there advertise and announce himself as said practitioner by having and exhibiting and displaying a certain sign on the door of Room 306 Cooper Building, located at 71 E. State St., in said city, a copy of said sign which is as follows: 'Ben L. Miles, Foot Correctionist'."

The pertinent part of §12694 GC under which the cause was prosecuted reads as follows:

"Sec 12694 GC * * * or whoever advertises or announces himself as a practitioner of medicine or surgery or any of its branches before obtaining a certificate from the State Medical Board in the manner required by law; * * * shall for the first offense be fined not less than twenty-five dollars nor more than five hundred dollars."

As an aid in determining what constitutes the practice of medicine or surgery or any of its branches it is necessary to examine §1286, GC, and §1274-1, GC, and we set forth these sections in full:

"Sec 1286 GC. What constitutes practice of medicine, surgery or midwifery. A person shall be regarded as practicing medicine, surgery or midwifery, within the meaning of this chapter who uses the words or letters, 'Dr.', 'Doctor', 'Professor', 'M.D.', 'M.B.', or any other title in connection with his name which in any way

represents him as engaged in the practice of medicine, surgery or midwifery, in any of its branches, or who examines or diagnoses for a fee or compensation of any kind, or prescribes, advises, recommends, administers or dispenses for a fee or compensation of any kind, direct or indirect, a drug or medicine, appliance, application, operation or treatment of whatever nature for the cure or relief of a wound, fracture or bodily injury, infirmity or disease. The use of any such words, letters or titles in such connection or under such circumstances as to induce the belief that the person who uses them is engaged in the practice of medicine, surgery or midwifery, shall be prima facie evidence of the intent of such person to represent himself as engaged in the practice of medicine, surgery or midwifery."

"Sec 1274-1 GC. Examination and registration of practitioners of limited branches of medicine or surgery required. The state medical board shall also examine and register persons desiring to practice any limited branch or branches of medicine or surgery, and shall establish rules and regulations governing such limited practice. Such limited branches of medicine or surgery shall include chiropractic, naprapathy, spondylotherapy, mechano-therapy, neuropathy, electro-therapy, hydro-therapy, suggestive-therapy, psycho-therapy, magnetic healing, chiropody, Swedish movements, massage, and such other branches of·medicine or surgery as the same are defined in §1286 GC that may now or hereafter exist, except midwifery and osteopathy."

It will be observed from the above provisions of the General Code that limited branches of medicine and surgery are very broad and comprehensive in the things included.

The transcript of the evidence as taken in the Municipal Court discloses that aside from the certificate of the Secretary of the Medical Board, only one witness was presented on behalf of the State. The defendant did not testify nor did he present any witnesses.

The witness for the State was Frank A. Dorsey, an inspector for the State Medical Board. In substance Mr. Dorsey says that he met the defendant in error at 308 Cooper Building on East State Street, Columbus, Franklin County, Ohio, and that he talked to the defendant a few seconds on the inside of the room, and afterwards talked to him in the hallway. The room where the conversation was held was a reception room, and on the front door of 306 there appeared the following: "Harriet A. Clemens, Chiropractor; Hours 1-5; Saturdays 10-12," I believe. "Ben L. Miles, Foot Correctionist." It is the contention of the State that the words "Foot Correctionist" are synonymous with chiropody. Under the definition of chiropody as presented in the evidence the words "foot correctionist" would probably be synonymous. However, we do not think that it is necessary to determine this question since the complaint sets out very fully the exact character and wording of the advertisement. While the complaint characterizes the advertisement as announcing the practice of chiropody, this is no more than the pleading of a conclusion, and the complaint must stand or fall on the determination of the question as to whether or not the advertisement violated the Medical Act regardless of the complaint characterizing the sign as advertising the practice of chiropody.

We think that the word "foot correctionist" is a title in connection with the name of the defendant and is of such a character as to induce the belief that the defendant, Ben L. Miles, was engaged in a branch of medicine or surgery or the cure or relief of an infirmity of the foot. We again call attention to §1286 GC, wherein, in the first paragraph of said section it states, among other things, "that a person shall be regarded as practicing medicine, surgery or midwifery within the meaning of this chapter who uses the words or letters, "Dr.", "Doctor", "Professor", "M.D.", "M.B.", or any other title in connection with his name which in any way represents him as engaged in the practice of medicine, surgery or midwifery, in any of its branches," etc. We do not think that the words "foot correctionist" can have as broad a meaning as contended for by counsel for the defendant.

It could not attract any one whose feet were normal and correct. It unquestionably is intended to attract the attention of persons who have some infirmity in the foot. The advertisement conveys the idea that the individual is engaged in correcting such infirmities. If there is no infirmity there is nothing to correct. In our judgment the sign was advertising a branch of medicine and surgery as defined in the above sections of the General Code.

Counsel for defendant cite the case of Ohio v Blackmer as found in the Ohio State Bar Association Report under date of April 18, 1932, on page 98. (41 **Oh Ap** 98; 11 **Abs** 581). This case arose in

Stark County and is a decision by the Court of Appeals of the 6th Appellate District, sitting in place of Judges Houck, Shields and Lemert of the 5th Appellate District. The instant case is readily distinguishable from the Blackmer case. Judge Richards, rendering the opinion for the court, called attention to the fact that the only evidence in the case was that of Inspector Dorsey (being the same witness in our case), and he testified to a sign on a building across the street in which the name was spelled differently from that of the accused and no evidence of there being an office in the building or that the defendant occupied the building or had any knowledge of the sign. In the instant case the uncontradicted evidence discloses that the defendant Miles was in the room, the door of which contained the sign, and further that the witness Dorsey talked to him therein and afterwards in the hall outside. This would be sufficient evidence to connect the defendant with the office, and in the absence of any evidence to the contrary would be sufficient to hold him responsible for the sign.

Counsel for defendant raises the further question as to the evidence of Inspector Dorsey on the ground that all fines are paid into the State Medical Board fund to be disbursed therefrom in payment of salaries and expenses of the Board. It is claimed that Dorsey received his pay out of this fund and therefore would be a prejudiced witness. The Tumey case is referred to as claimed authority for rejecting the testimony of this witness. The Tumey case is to be distinguished by the fact that the Municipal Court in the instant case did not receive its compensation through the collection of fines and costs in the event of conviction. In the Tumey case it was held that the court was disqualified because of this provision of the Code. The magistrate had a right to take into consideration and no doubt did, any evidence presented which might affect the credibility of any witness.

We fail to find any error in the record. The judgment of the court below will be affirmed and cause remanded for further proceedings as authorized under the law. Exceptions will be allowed to the plaintiff in error.

While not necessary to a decision in this case, we think attention should be called to the fact that apparently the Inspector seems to have the idea in prosecutions for violation of the Medical Act that there is no necessity in his investigation to go beyond the point of satisfying himself that there is violation. We probably would not make this comment except for the fact that the same observation might be made in the case that was tried in Stark County and reported in the Ohio State Bar Association Report. So long as the theory prevails that the Inspector will be content with the minimum of evidence, just so long will the time of reviewing courts be taken up with attacks on the insufficiency of the evidence, whereas if a little more effort was given to this anticipated defense, many of the cases would be disposed of once and for all on the first trial.

HORNBECK, PJ, and KUNKLE, J, concur.